UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAQUAN W. PARKER,

    Plaintiff,

v.                                        Case No. 8:18-cv-175-30TBM

STACY M. BUTTERFIELD,
POLK COUNTY FLORIDA CLERK AND
COURT AND COMPTROLLER, and
THE HONORABLE JUDGE MICHAEL E.
RAIDEN, 10TH JUDICIAL CIRCUIT,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before me are the Plaintiff's *Application to Proceed in District Court Without Prepaying Fees or Costs* (Application) (Doc. 2), as well as the Plaintiff's *Complaint for Violation of Civil Rights* (Complaint) against Defendants Stacy M. Butterfield, in her official capacity as Polk County Clerk of Court and Comptroller (Clerk Butterfield), and Michael E. Raiden, in his official capacity as Circuit Judge for Florida's Tenth Judicial Circuit (Judge Raiden) (Doc. 1). For the reasons set forth below, I recommend that both the Plaintiff's Application, which I construe as a motion to proceed *in forma pauperis*, and his Complaint be dismissed without prejudice.

## BACKGROUND

The Plaintiff is a 26-year-old resident of Mulberry, Florida, with at least a high-school education. (Doc. 2 at 5). At present, he is employed at Max Pak and grosses roughly $1,900 a month. *Id.* at 2. He reports expenses totaling $1,400 a month, including $100 for recreation and entertainment, $150 for his girlfriend's "personal

items" and his own "products," and $390 for a car payment and insurance. (Doc. 2 at 4-5). Notwithstanding the latter claim of a car expense, the Plaintiff affirmatively declined in his Application to identify any specifics regarding that automobile, including its value. *Id.* at 3.

In his Complaint, the Plaintiff seeks relief against the Defendants under 42 U.S.C. §§ 1983, 1985, 18 U.S.C. § 1001,[1] and the Fourteenth Amendment for "illegal and malice [sic] conduct and activities" occurring from 2013-2015 during all criminal and civil proceedings conducted in the state courthouse in Bartow, Florida. (Doc. 1 at 3-4). In particular, the Plaintiff alleges:

> The facts underlying . . . [my] claim is that illegal & malice conduct and activities occurred in the 10th Judicial Circuit courthouse that was clear and elaborate that still goes unaccounted for with no investigation. All illegal alterations caused undue hardship, false incarcerations, false convictions and violations of due process, pain and suffering and punitive losses all with Michael E. Raiden presiding judge. And also protecting an opposing party by spoil[ation of] evidence and hideing [sic] and altering public records.

(Doc. 1 at 4).

The Plaintiff requests $12 million in damages as well as the implementation of "strict checks and balances . . . to enforce accountability amongst court house [sic] officials to ensure public safety." *Id.* at 5.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915, a district court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal

---

[1] Although the Plaintiff cites "U.S.C §§ 1985" [sic] and "U.S.C §§ 1001" [sic], it appears he meant to refer to 42 U.S.C. § 1985 and 18 U.S.C. § 1001, respectively.

2

therein, without prepayment of fees or security therefor" upon a showing of indigency by affidavit. 28 U.S.C. § 1915(a)(1).

When an application to proceed *in forma pauperis* is filed, the district court must review the case and dismiss the complaint *sua sponte* if it determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Bravo v. Loor-Tuarez*, __ F. App'x __, 2018 WL 1168356, at *2 (11th Cir. 2018). As such, "[t]o avoid dismissal, the 'complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face.'" *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In evaluating a plaintiff's complaint under this standard, the court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *Jara v. Nunez*, 878 F.3d 1268, 1271-72 (11th Cir. 2018). The court, however, affords "no presumption of truth to legal conclusions and recitations of the basic elements of a cause of action." *Franklin*, 738 F.3d at 1248 n. 1 (citations omitted).

The Federal Rules of Civil Procedure also provide that a court must dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction."

3

Fed. R. Civ. P. 12(h)(3). Indeed, "[f]ederal courts 'are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.'" *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (quoting *Galindo-Del Valle v. Attorney Gen.*, 213 F.3d 594, 599 (11th Cir. 2000)).

Finally, while *pro se* pleadings are to be construed liberally, the courts are not to serve as *de facto* counsel for *pro se* litigants, nor are they to "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds as recognized in *Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

In this case, the Plaintiff has failed to demonstrate his inability to pay the filing fee and an entitlement to indigent status. As noted above, there a number of inconsistencies and missing pieces of information in the Plaintiff's Application that preclude an informed assessment of his financial status.

In addition, for the reasons set forth below, the Plaintiff's Complaint is subject to dismissal because it fails to satisfy the pleading requirements under the Federal Rules of Civil Procedure and fails to state a claim upon which relief may be granted.

## I. Plaintiff's Complaint Fails to Comply with the Minimal Pleading Requirements of the Federal Rules of Civil Procedure

"The bare minimum a plaintiff must set forth in the complaint is found in" Rule 8 of the Federal Rules of Civil Procedure. *Hunter v. Woods*, 2017 WL 6610889, at *1 (M.D. Fla. Nov. 3, 2017) (Moody, J.). Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the defendant is given "fair notice of what the

4

… claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Franklin*, 738 F.3d at 1250 ("It is important that defendants be apprised of the conduct that forms the basis of the charges against them.").

The Plaintiff's Complaint fails to satisfy this threshold pleading requirement and should be dismissed on this basis alone. His allegations with respect Judge Raiden are vague and conclusory at best, and contain a dearth of information regarding the challenged acts that the Judge allegedly performed. The allegations regarding Clerk Butterfield are even more lacking, and likewise fail to advise her of the violations she purportedly committed. The fact that the Plaintiff is proceeding *pro se* does not excuse his failure to comply with the basic pleading requirements. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

## II. Plaintiff's Claims Against Judge Raiden and Clerk Butterfield are Barred by the Doctrine of Judicial Immunity and the Eleventh Amendment

The doctrine of judicial immunity immunizes judges "from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). A judge is deemed to act in the "clear absence of all jurisdiction" only when he acts without subject matter jurisdiction, not simply when he acts erroneously or even maliciously. *Maps v. Miami Dade State Attorney*, 693 F. App'x 784, 785-86 (11th Cir. 2017) (citing *Dykes v. Hosemann*,

776 F.2d 942, 947-48 (11th Cir. 1985), and *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). Whether a judge's actions were made while serving in a "judicial capacity" depends on whether the function at issue is one performed in a judicial setting and is one normally conducted by a judge. *See Sibley*, 437 F.3d at 1070 (setting forth four factors to be considered in determining whether a judge is acting in a "judicial capacity"). The doctrine of judicial immunity extends to both state and federal court judges. *Stevens v. Osuna*, 877 F.3d 1293, 1302 (11th Cir. 2017) (citing *Pierson v. Ray*, 386 U.S. 547 (1967)).

The Plaintiff's claims do not suggest that Judge Raiden acted outside the scope of his jurisdiction or engaged in conduct in other than his judicial capacity. Indeed, the Plaintiff does not allege any specific acts undertaken by Judge Raiden at all. Accordingly, the Plaintiff's claims against Judge Raiden are barred by the doctrine of judicial immunity. The same can be said of the Plaintiff's claims against Clerk Butterfield to the extent they are predicated on actions she performed pursuant to a court decree or the explicit instructions of a judge, including Judge Raiden. *See Blough v. Nazaretian*, 2016 WL 9631677, at *5 (M.D. Fla. Oct. 12, 2016) (although "[c]ourt clerks enjoy a 'narrower ambit of immunity than judges[,]'" they are entitled to "absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction") (quoting *Hyland v. Kolhage*, 267 F. App'x 836, 842 (11th Cir. 2008)).

The Plaintiff's claims against Judge Raiden and Clerk Butterfield are likewise barred by the Eleventh Amendment. That Amendment prohibits federal courts from exercising jurisdiction over suits brought against a state by a citizen of either that state or another state. *Nicholl v. Bd. of Regents of Univ. Sys. of Ga.*, 706 F. App'x 493, 495 (11th Cir.

6

2017). This immunity extends not only to actions in which the state itself is named as a defendant, but also to matters in which an "arm[] of the state" is sued. *Id.* (quoting *Fouche v. Jekyll Island-State Park Auth.*, 713 F.2d 1518, 1520 (11th Cir. 1983)). For purposes of the Eleventh Amendment, state officials acting in their official capacities, including members of the judiciary and clerks of the court, are deemed to be arms of the state. *See Blough*, 2016 WL 9631677, at *5.

Immunity under the Eleventh Amendment admits of only a few exceptions. Congress may abrogate a state's immunity, or a state may consent to be sued or waive its immunity. *Cross v. Ala. Dep't of Mental Health & Retardation* 49 F.3d 1490, 1502 (11th Cir. 1995). Also, under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), state officials may be sued in their official capacities "when the plaintiff seeks 'prospective equitable relief to end continuing violations of federal law.'" *Lane v. Cent. Ala. Cmty. Coll.*, 772 F.3d 1349, 1351 (11th Cir. 2014) (quoting *Summit Med. Assocs. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999)).

None of these exceptions apply here. Congress did not intend to abrogate Florida's Eleventh Amendment immunity in section 1983 damage suits, and Florida has not waived its immunity with respect to such actions. *See Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986). Nor does the Plaintiff seek "prospective equitable relief to end continuing violations of federal law." Instead, the only non-monetary relief the Plaintiff requests is for "strict checks and balances . . . to *enforce accountability* amongst court house official's *to ensure public safety*." (Doc. 1 at 5) (emphasis added). Construed liberally, this request for relief is not tantamount to seeking prospective declaratory or injunctive relief

for ongoing federal or constitutional violations because the Plaintiff fails to allege that any specific, ongoing violations are being committed.

Finally, to the extent the Plaintiff is asking this Court to direct the manner in which Judge Raiden and/or Clerk Butterfield perform their duties, such a request is essentially one for equitable relief in the form of mandamus. *See Preferred Sites, LLC v. Troup Cty.*, 296 F.3d 1210, 1220 (11th Cir. 2002) (providing that mandamus "is an extreme form of equitable relief . . . 'designed to require an official to perform an act required by law'") (quotation omitted). Federal courts, however, do not have the authority to issue writs of mandamus to tell state courts and their judicial officers how to perform their duties. *Johnson v. Georgia*, 661 F. App'x 578, 581 (11th Cir. 2016) (citing *Moye v. Clerk, Dekalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973)).

### III. Plaintiff's Claims Under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 18 U.S.C. § 1001 are Facially Insufficient

In addition to the above infirmities, the Plaintiff fails to state a facially plausible claim under 42 U.S.C. § 1983. To state such a claim, a plaintiff must allege that the defendants "'deprived [him] of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.'" *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1276-77 (11th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)). Section 1983, however, is not a "source of substantive federal rights." *Robertson v. Hecksel*, 420 F.3d 1254, 1256 (11th Cir. 2005) (quoting *Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir. 1996)). Therefore, to state a claim under section 1983, "a plaintiff must point to a violation of a specific federal right." *Id.*

8

Construed liberally, the Plaintiff appears to ground his section 1983 allegations in either a procedural or substantive due process claim under the Fourteenth Amendment. Both claims require a plaintiff to allege, at a minimum, that he suffered a deprivation of a constitutionally protected interest. *J.R. v. Hansen*, 803 F.3d 1315, 1320 (11th Cir. 2015) (procedural due process); *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1577 (11th Cir. 1989) (substantive due process).

The Plaintiff fails to satisfy this threshold requirement here. His vague and barebones references to "false incarcerations, false convictions and violations of due process . . . all with Michael E. Raiden presiding judge," without more, do not allow the Court to draw a reasonable inference that either Judge Raiden or Clerk Butterfield are liable for such misconduct or that the Plaintiff himself was deprived of a protected interest.

The Plaintiff similarly fails to state a facially plausible claim under 42 U.S.C. § 1985. To establish a claim under that statute, the Plaintiff must show: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Park v. City of Atlanta*, 120 F.3d 1157, 1161 (11th Cir. 1997).

Here, putting aside the other elements of a section 1985 claim, the Plaintiff's claim fails because he does not allege any particular type of conspiracy and one is not apparent from the averments in his Complaint. *See Kabbaj v. Obama*, 2012 WL 626225, at *2 (S.D. Fla. Feb. 24, 2012) (dismissing section 1985 claim, in part, because plaintiff failed to

9

provide any facts to support the existence of any understanding or agreement among defendants). The mere fact that the Plaintiff has named two defendants in his Complaint and that the two defendants may have some link to each other is insufficient to allege a conspiracy. *See Elliott v. Wilcox*, 2015 WL 13273319, at *24 (M.D. Fla. Feb. 13, 2015) ("[m]erely stringing together the adverse acts of individuals is not sufficient to show the existence of a conspiracy"). Accordingly, the Plaintiff's claim based upon an alleged conspiracy under section 1985 should be dismissed.

The Plaintiff's claim based on 18 U.S.C. § 1001 is likewise infirm. Section 1001 is a criminal statute that precludes a person from making false or fraudulent statements or knowingly using a false document in any matter within the jurisdiction of the executive, legislative, or judicial branches of the federal government. It does not provide a private right of action and thus is not enforceable through a civil suit. *See Lee v. U.S. Agency for Int'l Dev.*, 859 F.3d 74, 78 (D.C. Cir. 2017) (affirming dismissal of claim under 18 U.S.C. § 1001 because it does not create a private cause of action); *Zajac v. Clark*, 2015 WL 179333, at *8 (M.D. Fla. Jan. 14, 2015) (recognizing that 18 U.S.C. § 1001 is a criminal statute and does not provide a private right of action). Consequently, the Plaintiff's claim based upon an alleged violation of 18 U.S.C. § 1001 is subject to dismissal.

## CONCLUSION

For the reasons outlined above, it is RECOMMENDED that:

1) The Court DENY without prejudice the Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2);

2) The Court likewise DISMISS the Complaint (Doc. 1) without prejudice;

3)   The Court grant the Plaintiff permission to file within twenty (20) days of the Court's Order: (a) an Amended Complaint that clearly sets forth a cognizable cause of action, and that complies with the pleading requirements of the Federal Rules of Civil Procedure; and (b) a renewed motion to proceed *in forma pauperis*; and

4)   The Court direct that the failure to comply with these requirements may result in a dismissal of the action without further notice.

Respectfully submitted this 9th April 2018.

*/s/ Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies furnished to:
The Honorable James S. Moody, United States District Judge
*Pro se* Plaintiff